# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42184

| | | |
|---|---|---|
| CHARLES DRAKE CAZIER, | ) | 2015 Unpublished Opinion No. 455 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 6, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| IDAHO DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Jay P. Gaskill, District Judge.

Order denying motion to reconsider, <u>affirmed</u>.

Charles Drake Cazier, Athol, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Denise L. Rosen, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Charles Drake Cazier appeals from the decision of the district court denying his motion to reconsider a district court order. The district court's order affirmed the Idaho Department of Health and Welfare's final order relating to a Medicaid premium assistance program determination. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

This appeal involves Idaho's now-discontinued Medicaid premium assistance program, known as the Health Insurance Premium Payment program (the Program).[1] Costs for providing

---

[1] According to a letter sent to participants in the Program dated July 15, 2014, the Program ended on September 30, 2014. Letter from Lisa Hettinger, Administrator of the Division of Medicaid, to Premium Assistance Participants (July 15, 2014), *available at*

1

medical services to Medicaid recipients are typically borne by the state and the state is later compensated in part by the federal government.[2]  Under the Program, however, Medicaid-eligible individuals for whom it would have been cost-effective to enroll in a group health plan rather than have their medical costs paid by the state, enrolled in the group health plan and had the plan premiums paid by the state.  The premiums were paid directly to the group health provider or were reimbursed.

Cazier and his family were participating in the Program and, it appears, were reimbursed for Cazier's wife's purchase of a family group health plan through her employer.  As of March 2012, two of Cazier's children were no longer eligible for Medicaid, leaving only one member of Cazier's household eligible--Cazier's son.  Based on emails in the record, the Idaho Department of Health and Welfare (the Department), which operated the Program, contacted Cazier in July 2012.  The Department, after noting the change in Medicaid-eligible members of Cazier's family, requested information regarding the group health plans available through Cazier's wife's employer, explaining that it needed to verify whether it would be cost-effective to enroll Cazier's son in a group health plan.

After Cazier submitted the insurance information, the Department informed Cazier by email in September that it had determined that it would be cost-effective to reimburse Cazier for his wife's purchase of an employee-plus-one-child group health plan, effective October 2012.  This meant that other members of the family would no longer be covered.  Cazier replied by email and explained that he wished to appeal.  Because the Department had never handled an appeal under the Program, it informed Cazier that it needed to investigate the proper procedure.  Subsequently, the Department mailed a letter dated December 10, 2012, explaining its cost-effective determination and remarking that the change was effective October 2012.  The letter also advised Cazier of his right to appeal, which Cazier exercised.

At a hearing before a hearing officer, a Department employee with the division of Medicaid, who also represented the Department, explained the Program and discussed the cost-

http://healthandwelfare.idaho.gov/Portals/0/Medical/MedicaidCHIP/Notice1ParticipantLetter071514.pdf.

[2]      The Idaho Supreme Court previously summarized the Medicaid program in *Morgan v. Dep't of Health & Welfare*, 120 Idaho 6, 9, 813 P.2d 345, 348 (1991).

effective determination. Cazier cross-examined the employee and advanced his arguments before the hearing officer. The primary argument from Cazier was that it would be cost-effective for his son to be enrolled under the family group health plan and that the Department was obligated to cover the entire family.[3] Cazier also contended that the Department should have continued reimbursing him for the cost of the family group health plan, which it had been paying prior to October, pending the outcome of the hearing, citing 42 C.F.R. § 431.230 (2012). The hearing officer issued a preliminary order and found that the Department's cost-effective determination was consistent with the federal statutes. The hearing officer also found that 42 C.F.R. § 431.230 applied and that the Department should have continued services pending the outcome of the appeal, but found the issue moot because the regulation also permitted the agency to recover payments made during the pendency of the appeal if the agency later prevailed.

Cazier appealed the hearing officer's preliminary order to the director of the Department. The director's designee, the administrator of the division of Medicaid, issued a final order. The administrator affirmed the hearing officer's finding that the Department's cost-effective determination was consistent with the federal statutes, but the administrator determined that 42 C.F.R. § 431.230 did not apply, relying on guidance from the Centers for Medicare and Medicaid Services, a federal agency. Cazier then sought judicial review in the Kootenai County District Court. In an amended memorandum opinion,[4] the district court affirmed the administrator's decision. Cazier filed a motion to reconsider, which the district court denied, and Cazier appeals.

## II.

## STANDARD OF REVIEW

The Idaho Department of Health and Welfare is an agency under the Idaho Administrative Procedures Act (IDAPA). Idaho Code § 67-5201(2). A final order issued by an

---

[3]  Cazier further asserted that because his son was his wife's stepson, she could not cover him under the employee-plus-child plan. This prompted a continuance of the hearing from which the Department returned and informed the hearing officer that the group health plan provider would cover the son under the employee-plus-child plan.

[4]  The district court amended its original decision after it learned that Cazier's appellate brief, which the court apparently did not have or consider in its original decision, had been misfiled by the district court clerk's office.

agency arising out of a contested case proceeding constitutes agency action. I.C. § 67-5201(3). Judicial review of agency action is governed by the IDAPA. I.C. § 67-5270(1). In an appeal from the decision of the district court, which exercised its judicial review authority under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Stafford v. Idaho Dep't of Health & Welfare*, 145 Idaho 530, 533, 181 P.3d 456, 459 (2008). However, as a matter of procedure, we affirm or reverse the district court's decision. *Williams v. Idaho State Bd. of Real Estate Appraisers*, 157 Idaho 496, 502, 337 P.3d 655, 661 (2014).

A party challenging the agency action must show that its substantial rights have been prejudiced, I.C. § 67-5279(4), *and* demonstrate that the agency's findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; *or* (e) are arbitrary, capricious, or an abuse of discretion, I.C. § 67-5279(3). *See Kaseburg v. State, Bd. of Land Comm'rs*, 154 Idaho 570, 577, 300 P.3d 1058, 1065 (2013). If the agency action is not affirmed on appeal, it will be set aside and remanded for further proceedings as necessary. I.C. § 67-5279(3).

An agency's findings of fact will not be set aside on appeal unless they are not supported by substantial evidence in the record, even if the evidence is conflicting.[5] *Williams*, 157 Idaho at 502, 337 P.3d at 661. This Court reviews discretionary issues to determine whether the agency perceived the issue as discretionary, acted within the outer limits of its discretion and consistent with the applicable legal standards, and reached its decision through an exercise of reason. *Id.* Over questions of law, this Court exercises free review. *Id.*

---

[5] According to the Idaho Supreme Court:

> Substantial and competent evidence is less than a preponderance of evidence, but more than a mere scintilla. Substantial and competent evidence need not be uncontradicted, nor does it need to necessarily lead to a certain conclusion; it need only be of such sufficient quantity and probative value that reasonable minds could reach the same conclusion as the fact finder.

*Cowan v. Bd. of Comm'rs of Fremont Cnty.*, 143 Idaho 501, 517, 148 P.3d 1247, 1263 (2006) (citations omitted).

**III.**

**ANALYSIS**

On appeal, Cazier argues that the administrator erred by affirming the Department's cost-effective determination. Cazier also contends that the administrator incorrectly reversed a decision of the hearing officer relating to whether Cazier was entitled to a hearing before the cost-effective determination went into effect. We address these in turn.

**A.     The Cost-Effective Determination**

Cazier argues that the administrator erred by affirming the Department's cost-effective determination. Specifically, Cazier contends that the administrator's decision is not supported by substantial evidence; violated statutory provisions; exceeded statutory authority; and was arbitrary, capricious, and an abuse of discretion. The Department asserts that the administrator and hearing officer correctly affirmed the Department's cost-effective determination.

States participating in Medicaid may identify cases in which it would be "cost-effective" for an individual who would be entitled to Medicaid to enroll in a group health plan in which the Medicaid-eligible individual might be enrolled.[6] *See* 42 U.S.C. § 1396e(a)(1) (2012). For those cases where it is cost effective, the state may require "that the individual (or in the case of a child, the child's parent) apply for enrollment in the group health plan." 42 U.S.C. § 1396e(a)(2). Generally, a group health plan is "cost-effective" if the purchase of the group health plan would cost less than the medical expenditures that would otherwise be paid by the state. *See* 42 U.S.C. § 1396e(e)(2) (referring to 42 U.S.C. § 1397ee(c)(3)(A)).

The analysis of whether a group health plan is cost-effective involves consideration of the Medicaid-eligible individual's premiums, deductibles, and other cost-sharing obligations. *See*

---

[6]     The guidelines used by a state to identify those cases in which it would be cost-effective to pay for the group health plan premium are to be placed in the state plan. *See* 42 U.S.C. § 1396e(a). The state plan "is an agreement between a state and the Federal government describing how that state administers its Medicaid [program]." *Medicaid State Plan Amendments*, CENTERS FOR MEDICARE & MEDICAID SERVICES, http://www.medicaid.gov/State-Resource-Center/Medicaid-State-Plan-Amendments/Medicaid-State-Plan-Amendments.html (last visited March 11, 2015); *see also* 42 U.S.C. § 1396a (2012) (discussing state plans in detail).

The state plan between Idaho and the federal government was not introduced in the record below, although the Department produced as an exhibit before the hearing officer what it proffered to be an excerpt of section 3.2 of the state plan relating to group health insurance. Because both parties rely on 42 U.S.C. § 1396e in making their arguments before this Court and do not argue that the state plan contains different guidelines, we rely on 42 U.S.C. § 1396e.

42 U.S.C. § 1396e(c)(1)(A). But *if* (a) not all members of a family are eligible for Medicaid and (b) the enrollment of the Medicaid-eligible member in the applicable group health plan requires the enrollment of the non-Medicaid-eligible member or members, *then* a separate analysis applies to determine whether the group health plan is cost-effective. *See* 42 U.S.C. § 1396e(c)(1)(B).[7] Under this separate analysis, the cost-effective determination accounts for the premiums paid for the non-Medicaid-eligible member or members required to enroll the Medicaid-eligible individual, in addition to whatever premiums and cost-sharing obligations the Medicaid-eligible individual would pay. *See id.*

Here, when Cazier's son became the only Medicaid-eligible individual in Cazier's family, the Department sought to determine whether it would be cost-effective for the son, but not the other children or Cazier, to be covered by Cazier's wife's group health plan. Based on the information submitted by Cazier, Cazier's wife could purchase, among other choices, a group health plan for herself, herself and a child, or for the family, each with differing premiums. The plan selected by the Department, the employee-plus-child plan, is consistent with 42 U.S.C. § 1396e(c)(1)(B) because it enrolls Cazier's wife and son--who would not be eligible for the group health plan but for Cazier's wife's enrollment. The determination that this plan was cost-effective is supported by substantial evidence, as there is no dispute that the son's medical care would have cost more to the state than the cost of the employee-plus-child group health plan.

---

[7] The expenditures that Medicaid pays for the Medicaid-eligible individual participating in a group health plan are set forth in 42 U.S.C. § 1396e(a)(3), but another subsection details what expenses are considered as payments for medical assistance (and thus enter into the cost-effective determination) when the enrollment of the Medicaid-eligible individual also requires enrollment of non-Medicaid-eligible family members:

> If all members of a family are not eligible for [Medicaid] and enrollment of the members so eligible in a group health plan is not possible without also enrolling members not so eligible--
> (i) payment of premiums for enrollment of such other members shall be treated as payments for medical assistance for eligible individuals, if it would be cost-effective (taking into account payment of all such premiums), but
> (ii) payment of deductibles, coinsurance, and other cost-sharing obligations for such other members shall not be treated as payments for medical assistance for eligible individuals.

42 U.S.C. § 1396e(c)(1)(B).

Cazier, however, contends that it would be "cost-effective" to purchase a family plan. He further asserts that because his wife chose to purchase a family plan (to cover Cazier as well), the Department is violating and exceeding the authority of 42 U.S.C. § 1396e(c) by only providing a "partial reimbursement." Cazier may be correct that the family plan is "cost-effective" as defined under 42 U.S.C. § 1397ee(c)(3)(A) (2012).[8] But that is not the complete inquiry. Cazier does not account for the fact that the Department is tasked with identifying (and therefore determining) if it would be cost-effective for his son to be under a group health plan; hence, it is up to the Department to choose a plan that satisfies the applicable criteria. *See* 42 U.S.C. § 1396e(a)(1) (explaining that each state "may . . . identify those cases in which enrollment of an individual [entitled to Medicaid] in a group health plan (in which the individual is otherwise eligible to be enrolled) is cost effective").

The fact that Cazier's wife *chose* to not buy the employee-plus-child plan and *chose* to purchase the family plan does *not* obligate the Department to pay for her choice to buy a more expensive plan with coverage for additional non-Medicaid-eligible family members. The plain text of the statute reveals that the Program is concerned with covering the Medicaid-eligible individual, and the Department is tasked with making a cost-effective determination consistent with the relevant statutory provisions. *See generally* 42 U.S.C. § 1396e. By permitting a reimbursement of the amount of the group health plan that the Department determines is cost-effective, rather than paying the group health plan directly, the Department is allowing the party purchasing the coverage flexibility. This flexibility is needed where, as here, the party purchasing the coverage may also need coverage for non-Medicaid-eligible family members. Thus, contrary to Cazier's argument, the Department provided a full reimbursement for the employee-plus-child plan--the plan that it determined to be cost-effective--even if Cazier's wife

---

[8] Cazier points this Court to a statement in the administrator's final order that Cazier contends is not supported by substantial evidence. Specifically, the administrator wrote that because "it was *not cost effective* for the state to include the Medicaid ineligible family members, the hearing officer appropriately ruled that the cost of any additional insurance coverage of the other family members was not relevant to the [Program] determination." (Emphasis added.) Whether the family plan is cost-effective under 42 U.S.C. § 1397ee(c)(3)(A) is irrelevant to our consideration of whether the Department acted consistently with the applicable statutes in determining that the employee-plus-child plan was cost effective.

purchased a plan that covered other family members whose enrollment was not required in order to enroll Cazier's son.

In sum, the administrator's decision affirming the Department's cost-effective determination is supported by substantial evidence. The decision is consistent with the applicable federal statutes and does not violate or exceed the statutory authority of the Department. Finally, the decision is not arbitrary, capricious, or an abuse of discretion. The cost-effective determination affirmed by the administrator was made after Cazier's son became the only Medicaid-eligible individual in Cazier's household and follows the applicable statutes.

**B.      Hearing**

Cazier contends that the administrator incorrectly reversed a decision of the hearing officer relating to whether Cazier was entitled to a hearing before the cost-effective determination went into effect. Specifically, Cazier argues that the Department violated statutory procedure and proceeded upon unlawful procedure by failing to comply with 42 C.F.R. § 431.230. The Department reiterates the reasoning of the administrator.

The Medicaid program requires that a state "provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness." 42 U.S.C. § 1396a(a)(3). Consistent with this statutory directive, federal regulations instruct that when a state agency takes any "action" affecting an individual's Medicaid claim, it must provide notice to the individual of the action, in accord with 42 C.F.R. § 431.210 (2012). *See also* 42 C.F.R. § 431.206 (2012) (discussing information that the agency is required to provide and when it is required to provide it). An "action" is the "termination, suspension, or reduction of Medicaid eligibility or covered services." 42 C.F.R. § 431.201 (2012). When the state agency is required to provide notice regarding an action, it must provide the notice at least ten days before the date of the action, unless advance notice is not required, 42 C.F.R. § 431.213 (2012) (exceptions from advance notice), or advance notice is only required five days before the date of the action, 42 C.F.R. § 431.214 (2012) (fraud). 42 C.F.R. § 431.211 (2012). The state agency must also grant an opportunity for a hearing to "[a]ny beneficiary who requests it because he or she believes the agency has taken an action erroneously." 42 C.F.R. § 431.220(a)(2) (2012). If the agency mails the notice required under 42 C.F.R. §§ 431.211 or 214, *and* "the beneficiary requests a hearing

8

before the date of action, the agency may not terminate or reduce services until a decision is rendered after the hearing unless [two conditions are met.]" 42 C.F.R. § 431.230.

Here, the Department did not terminate or suspend the son's Medicaid eligibility or covered services. Nor did the Department reduce the son's Medicaid eligibility or covered services. Accordingly, the Department did not take an "action" that would require notice under 42 C.F.R. §§ 431.211 or .214; therefore, the Department was not required to continue reimbursing Cazier at the family rate pending the outcome of the hearing. Although Cazier complains that "when a notice was finally mailed in December it had an effective date of September [sic]," Cazier was informed of the cost-effective determination by email prior to the effective date of the change. Cazier does not argue that the Department was required to provide a different type of notice prior to the effective date of the cost-effective determination, to the extent that the Department was required to provide any notice.

## IV.

## CONCLUSION

The administrator's final order affirming the cost-effective determination made by the Department is supported by substantial evidence, does not violate the applicable federal statutes, and does not exceed the statutory authority of the agency. Nor is the decision arbitrary, capricious, or an abuse of discretion. Furthermore, the administrator correctly determined that Cazier was not entitled to a hearing before the cost-effective determination went into effect. Accordingly, the district court's order denying the motion to reconsider is affirmed. Costs on appeal are awarded to the Department because it is the prevailing party. Idaho Appellate Rule 40(a).

Judge LANSING and Judge GRATTON **CONCUR**.